PROB 12C
(6/16)

Report Date: January 3, 2019

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 04, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Sean L. Lambert     Case Number: 0980 2:14CR00021-RMP-28

Address of Offender: ███████████, Spokane, Washington 99207

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: November 9, 2016

Original Offense:     Conspiracy to Distribute Oxycodone Hydrochloride, U.S.C. §§ 841 (a)(1), (B)(1)(c), and 846

Original Sentence:    Prison - 366 days            Type of Supervision: Supervised Release
                      TSR - 36 months

Asst. U.S. Attorney:  James A. Goeke               Date Supervision Commenced: November 22, 2017

Defense Attorney:     Federal Public Defender      Date Supervision Expires: November 21, 2020

---

### PETITIONING THE COURT

To issue a summons and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 06/14/2018.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Special Condition # 4**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Lambert failed to submit a urinalysis on November 8, 2018, as directed.

On November 28, 2017, Mr. Lambert was advised he would be on the phase urinalysis testing program at Pioneer Human Services (PHS), in conjunction with his outpatient treatment. Mr. Lambert was further advised he would be on the urinalysis testing color brown-1. He was directed to call the testing line every day, and was to report to PHS on the days brown-1 was called, in order to submit a urinalysis. Mr. Lambert acknowledged an understanding of this process.

On November 8, 2018, without being excused by U.S. Probation, Mr. Lambert failed to show to PHS and submit a urinalysis, as brown-1 was scheduled on this date.

Prob12C
Re: Lambert, Sean L.
January 3, 2019
Page 2

| | |
|---|---|
| 7 | **Special Condition # 4**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Lambert failed to submit a urinalysis on November 27, 2018, as directed.

On November 28, 2017, Mr. Lambert was advised he would be on the phase urinalysis testing program at Pioneer Human Services (PHS), in conjunction with his outpatient treatment. Mr. Lambert was further advised he would be on the urinalysis testing color brown-1. He was directed to call the testing line every day, and was to report to PHS on the days brown-1 was called, in order to submit a urinalysis. Mr. Lambert acknowledged an understanding of this process.

On November 27, 2018, without being excused by U.S. Probation, Mr. Lambert failed to show to PHS and submit a urinalysis, as brown-1 was scheduled on this date.

| | |
|---|---|
| 8 | **Special Condition # 4**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Lambert failed to submit a urinalysis on December 21, 2018, as directed.

On November 28, 2017, Mr. Lambert was advised he would be on the phase urinalysis testing program at Pioneer Human Services (PHS), in conjunction with his outpatient treatment. Mr. Lambert was further advised he would be on the urinalysis testing color brown-1. He was directed to call the testing line every day, and was to report to PHS on the days brown-1 was called, in order to submit a urinalysis. Mr. Lambert acknowledged an understanding of this process.

On December 21, 2018, without being excused by U.S. Probation, Mr. Lambert failed to show to PHS and submit a urinalysis, as brown-1 was scheduled on this date.

| | |
|---|---|
| 9 | **Special Condition # 4**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: Mr. Lambert used methamphetamine on December 24, 2018.

On November 28, 2017, Mr. Lambert participated in a supervision intake at the U.S. Probation Office. On that date the mandatory, standard, and special conditions of supervised release were reviewed with the offender. Mr. Lambert signed a copy of the conditions of supervision acknowledging his understanding of those conditions.

On December 27, 2018, reported to the U.S. Probation Office and submitted a urinalysis that tested presumptive positive for methamphetamine. Thereafter, Mr. Lambert admitted to the undersigned, and via a written document, that he last used methamphetamine on December 24, 2018.

10     **Special Condition # 3**: You shall undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete and approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You shall contribute to the cost of treatment according to his ability to pay. You shall allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Lambert has failed to complete his substance abuse treatment program.

On November 28, 2017, Mr. Lambert participated in a supervision intake at the U.S. Probation Office. On that date the mandatory, standard, and special conditions of supervised release were reviewed with the offender. Mr. Lambert signed a copy of the conditions of supervision acknowledging his understanding of those conditions.

On August 10, 2018, documentation was received from Pioneer Human Services (PHS), which stated that he was discharged from their agency as he decided to switch agencies. Mr. Lambert informed the undersigned that he would be attending services with At Parr Outpatient Services. On December 31, 2018, the undersigned spoke with the owner of At Parr and was informed Mr. Lambert is noncompliant due to failing to attend treatment sessions.

11     **Standard Condition # 7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Mr. Lambert failed to notify his probation officer of the change of his employment status in the appropriate time frame.

On November 28, 2017, Mr. Lambert participated in a supervision intake at the U.S. Probation Office. On that date the mandatory, standard, and special conditions of supervised release were reviewed with the offender. Mr. Lambert signed a copy of the conditions of supervision acknowledging his understanding of those conditions.

On December 13, 2018, Mr. Lambert reported to the U.S. Probation Office. Prior to Mr. Lambert reporting to the appointment, the undersigned requested he bring proof of his reported employment, Perfect Shade Window Tinting. At the probation appointment, Mr. Lambert stated he was laid off approximately 2 weeks prior. Mr. Lambert stated he was not aware he needed to report this change in status and subsequently apologized.

Prob12C
**Re: Lambert, Sean L.**
**January 3, 2019**
**Page 4**

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a summons requiring the defendant to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   01/03/2019

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

## THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[X]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge
[ ]   Other

*Rosanna Malouf Peterson*

Signature of Judicial Officer

1/04/2019

Date